HHN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAJENDRA P. MULLAPUDI, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 07 cv 2053 |
| v. ) | |
| ) | Judge John W. Darrah |
| MERCY HOSPITAL AND MEDICAL ) | |
| CENTER and STEVEN R. POTTS, D.O., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendants' Motion to Dismiss Plaintiff's First Amended Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A) as a sanction for Plaintiff's misrepresenting that he is indigent in multiple *in forma pauperis* applications and financial affidavits. [Doc. 45.] The motion is granted.

Section 1915(e)(2)(A) compels a court to dismiss a case if it finds that an allegation of poverty in an *in forma pauperis* application is untrue. *See Thomas v. General Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002). Whether the dismissal is with or without prejudice is within the discretion of the court. *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998). Courts in this district, including this court, have exercised their discretion to dismiss cases with prejudice where misrepresentations of poverty have been made. *See Eleby v. Unilever Food Solutions*, No. 05 cv 4509, 2006 WL 644022 (N.D. Ill. March 3, 2006). "The opportunity to proceed *in forma pauperis* is a privilege provided for the benefit of indigent persons and

1

the court system depends upon the honesty and forthrightness of applicants to ensure that the privilege is not abused." *Chung v. Dushane*, No. 03 cv 5955, 2003 WL 22902561, at *2 (N.D. Ill. Dec. 9, 2003) (*citing Denton v. Hernandez*, 504 U.S. 25. 27 (1992)).

Plaintiff filed his *pro se* complaint in this action on April 9, 2007, at which time he filed his original IFP application and financial affidavit. In the original application, Plaintiff represented that: he was not employed and received $1,000.00 per month in unemployment compensation ending December 2006; he had $500.00 in a cash or checking account; and his mother received salary or wages in the amount of $20,000 a year and owned a 1996 Toyota Camry worth between $4,000.00 and $5,000.00. Plaintiff also represented that no one living at his residence owned real estate. In addition, Plaintiff filed a motion for appointment of counsel stating that he was "indigent" and had "no income."

On April 17, 2007, the Court granted Plaintiff's motions to proceed *in forma pauperis* and for appointment of counsel, and the case proceeded. Plaintiff, with counsel, filed his First Amended Complaint on June 11, 2007. On August 13, 2007, Defendants filed a motion to dismiss Counts IV through XII of the amended complaint, to which Plaintiff responded on September 11, 2007. The Court ruled on the motion in December 2007, and status hearings were held on February 2, 2008 and March 20, 2008. Plaintiff did not file any updates to his original IFP application or financial affidavit during this entire time period.

On May 30, 2008, Plaintiff filed a motion to amend his IFP application and affidavit. Plaintiff stated that the reason for this motion was that he "may have misread some of the questions" on the application. (Mot., ¶ 2.) In an accompanying affidavit, Plaintiff stated that he had come to understand that the IFP application required him to provide answers relative to any individuals in his household. (May 30, 2008 Mullapudi Aff. ¶ 3.) Plaintiff's amended IFP application and financial affidavit, signed by Plaintiff on May 30, 2008, represents that Plaintiff is not currently employed and receives no monthly salary or wages. The amended application changes the information provided in his original application in that it states that: several members of Plaintiff's household, including Plaintiff himself, have more that $200.00 in cash or savings accounts; several members received more than $200.00 from other sources in the twelve months preceding the application; and others living at his residence (his mother and father) own real estate and automobiles (the 1996 Toyota Camry disclosed in the original IFP application, as well as a 2005 Honda Accord owned by Plaintiff's brother).

The Court granted Plaintiff's motion to amend his IFP application and set a briefing schedule on Defendants' Motion to Dismiss with prejudice. After discussion at a status conference regarding Plaintiff's financial condition, Plaintiff's counsel indicated that Plaintiff would file an Updated Financial Status Report. In their motion to dismiss, Defendants contend Plaintiff's assertions that he did not understand the questions on the original IFP application are not credible in that Plaintiff is a highly educated individual and the questions on the application are straightforward and clear. Defendants contend Plaintiff made false representations on his original IFP application, as well as on his

amended application.

On June 13, 2008, Plaintiff indeed filed an "Update" of his financial status. In this Update, Plaintiff states that he "is no longer claiming that he meets the level of poverty required on the *Informa Pauperis* Application and Financial Affidavit." (Update, ¶ 4.) The Updated Financial Status Report, and affidavit from Plaintiff accompanying this filing, disclose, among other things, that Plaintiff is earning $6,000.00 a month from a job at San Pablo Medical Corporation, *which he has held since September 2007*, and that he owns a 2006 BMW automobile, valued at approximately $48,000.00, the payments for which are made by his employer. (June 13, 2008 Mullapudi Aff., ¶¶ 2,3; Updated Financial Status Report, questions 2 and 7.)

The June 13, 2008 Update also disclosed for the first time Plaintiff's employment since September 2007, despite the numerous filings and proceedings that have occurred in the case since then. Plaintiff's June 13 Update makes clear that, even *assuming* the representations in Plaintiff's original IFP application are not false, Plaintiff provided patently false answers in his May 30 amended IFP application indicating that he was not employed and had no income and that the date of his last employment was June 30, 2006. Indeed, Plaintiff's June 13 filing makes clear that since September 2007, Plaintiff has been earning $6,000.00 a month and is driving a luxury vehicle. Plaintiff's failure to apprise the Court, during the course of over eight months, of his dramatic change in financial status, and his false representations in his amended IFP application that he had no income constitute fraud on the Court.[1]

---

[1] Furthermore, evidentiary materials Defendants have submitted with their brief and reply brief demonstrate that Plaintiff was not

4

Plaintiff brazenly states in his June 11 "Update" that "[t]here is no prejudice to Defendants through the filing of th[e] Updated Financial Information Form" as "[w]ritten discovery is still ongoing, and no deposition discovery has been taken in this litigation to date." The Court disagrees. The prejudice here is that Plaintiff has abused the IFP process and has wasted the valuable time and resources this Court and opposing counsel used in addressing the issue of his financial status.

Plaintiff made patently false representations to the Court on his amended IFP application. The application clearly states the requirement that information provided be true and correct and that the Court will dismiss the case at any time if it determines the allegation of poverty to be untrue. The Court finds dismissal of the case warranted pursuant to 28 U.S.C. § 1915(e)(2)(A) and, further, finds Plaintiff's conduct to be egregious such that the dismissal is with prejudice. *See Thomas*, 288 F.3d at 306-07 (affirming dismissal with prejudice, noting that "[d]ismissal without prejudice would have been no sanction at all.")

---

indigent well before September 2007, as well. Among other evidence, they submit evidence that Plaintiff had lines of credit available to him for thousands of dollars and made significant credit card purchases, including at exclusive nightclubs and restaurants, during the period of February 1, 2007 through June 16, 2007. (Def. Rep. Br., Exs. B and C.) There is also evidence that Plaintiff wrote a $10,000.00 check to a law firm to represent him in May 2006. (Def. Mem., Ex. B.) The Court finds Defendants' evidence sufficient to show that Plaintiff was not indigent when he filed his original IFP application.

## CONCLUSION

Defendants' Motion to Dismiss Plaintiff's First Amended Complaint is granted. This case is hereby dismissed with prejudice. Plaintiff is ordered to pay immediately the $350.00 filing fee to the Clerk of Court.

Date: August 21, 2008

JOHN W. DARRAH
United States District Court Judge